## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY, individually and on behalf of a
class of all persons and entities similarly
situated,

       Plaintiff,

vs.

PATRIOT PAYMENT GROUP, LLC,

       Defendant.

Civil Action No. 5:15-cv-27 (Stamp)

Electronically filed: 2/27/2015

### CLASS ACTION COMPLAINT

### Preliminary Statement

1.     Plaintiff Diana Mey brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.     In violation of the TCPA, Defendant Patriot Payment Group, LLC ("Patriot Payment Group") placed a computer-dialed telemarketing call to Ms. Mey's cellular telephone, and placed telemarketing calls to a number Ms. Mey had registered on the National Do Not Call Registry.

3.     Ms. Mey never consented to receive these calls, and they were placed to her for no legitimate purpose, and were solely intended to solicit business for Patriot Payment Group.

4.     Because the call was transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day, and because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential

774350

customers *en masse*, Ms. Mey brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from Patriot Payment Group.

5.     A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

6.     Plaintiff Diana Mey is a resident of the State of West Virginia.

7.     Defendant Patriot Payment Group, LLC is a merchant services provider and is a registered independent sales organization of Wells Fargo Bank, N.A., and is headquartered in Dallas, TX, but does business in this District.

### Jurisdiction & Venue

8.     The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9.   Venue is appropriate in this district pursuant to 18 U.S.C. 1391(b)(2), as the Plaintiff is a resident of this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### TCPA Background

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11.     Through the TCPA, Congress outlawed telemarketing via unsolicited

automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded
> telephone calls, regardless of the content or the initiator of the message, to
> be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except
> when the receiving party consents to receiving the call[,] . . . is the only
> effective means of protecting telephone consumers from this nuisance and
> privacy invasion.

*Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

### The TCPA prohibits telemarketing calls to numbers listed on the Do Not Call Registry, unless the caller has the recipient's signed, written consent

12.     The national Do Not Call Registry allows consumers to register their

telephone numbers and thereby indicate their desire not to receive telephone solicitations at

those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored

indefinitely, or until the registration is cancelled by the consumer or the telephone number

is removed by the database administrator." *Id.*

13.     The TCPA and implementing regulations prohibit the initiation of telephone

solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c);

47 C.F.R. § 64.1200(c)(2).

14.     A person whose number is on the Registry, and who has received more than

one telephone call within any twelve-month period by or on behalf of the same entity in

violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C.

§ 227(c)(5).

15.     The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed.  *Id.*

### The TCPA bans autodialer<br>calls to cell phones

16.     The TCPA's most stringent restrictions pertain to computer-generated telemarketing calls placed to cell phones.

17.     The TCPA categorically bans persons and entities from initiating telephone calls using an automated telephone dialing system (or "autodialer") to any telephone number assigned to a cellular telephone service. *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

### Factual Allegations

18.     Since 2003, the Plaintiff registered her cellular telephone number, 304-XXX-XXXX, on the National Do Not Call Registry and has not removed it at any time since that date.

19.     On February 2, 2015, the Plaintiff received a phone call from a telemarketing representative calling from Patriot Payment Group.

20.     The number displayed on the Plaintiff's caller ID was 469-208-6934.

21.     When the call connected, there was an audible click from the receiver. After a pause, the calling party asked the Plaintiff to "speak with the owner."

22.     The facts in the preceding paragraph indicate the call was placed through an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1).

23.     When the Plaintiff inquired further as to what was being sold, she was hung up on.

24.     When the Plaintiff called the telephone number back, she received a recorded message that said, "this is David with PPG."

25.     The Plaintiff received a telemarketing call from that same telephone number on January 27, 2015.

26.     The Plaintiff also received similar calls from the Defendant on January 19, 21 and 26, 2015.

27.     Those telephone calls came from the caller ID 469-209-7667, and were placed by or for Patriot Payment Group.

28.     Plaintiff is not a customer of Defendant, and has not provided Defendant with her information or cellular telephone number.

### Class Action Allegations

29.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

30.     The class of persons Plaintiff proposes to represent with respect to Count one is tentatively defined, subject to discovery and investigation, as all persons within the United States who Patriot Payment Group called on a cellular telephone line by the use of an automatic telephone dialing system, and with respect to whom Defendant does not have evidence of prior express consent of the called party in the four years prior to the date of filing up through the date of certification.

31.     The class of persons Plaintiff proposes to represent with respect to Count two is tentatively defined, subject to discovery and investigation, as all persons within the United States whose phone numbers were registered on the Do Not Call Registry for at least 31 days, and who, within the four years before the filing of the initial Complaint through the date of certification, received more than one telemarketing call within any twelve-month period from, or on behalf of, Defendant.

32.     The classes as defined above are identifiable through phone records and phone number databases.

33.     The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

34.     Plaintiff is a member of the classes.

35.     There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

a.      Whether Patriot Payment Group violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

b.      Whether Patriot Payment Group engaged in a pattern of using an automatic telephone dialing system to call telephone numbers assigned to cellular telephone service;

c.      Whether Patriot Payment Group placed calls to cellular telephone numbers using an automatic telephone dialing system without obtaining the recipients' prior consent for the call;

d.      Whether the Plaintiffs and the class members are entitled to statutory damages as a result of Patriot Payment Group's actions.

6

36.     Plaintiff's claims are typical of the claims of class members.

37.     Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

38.     The actions of Patriot Payment Group are generally applicable to the class as a whole and to Plaintiff.

39.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

40.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

41.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

### Legal Claims

### Count One:
### Violation of the TCPA's provisions prohibiting
### autodialer and prerecorded message calls to cell phones

42.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

43.     The Defendant violated the TCPA by (a) initiating a telephone call using an automated dialing system or prerecorded voice to Plaintiff's telephone numbers assigned to

a cellular telephone service, or (b) by the fact that others caused the initiation of those calls on its behalf. *See* 47 C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

44.     The Defendant's violations were negligent and/or knowing.

**Count Two:**
**Violation of the TCPA's Do Not Call Provision**

45.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

46.     The Defendant violated the TCPA by (a) initiating more than one telephone call to the Plaintiff in a twelve month period while her number was on the National Do Not Call Registry (b) by the fact that others caused the initiation of those calls on its behalf. *See* 47 U.S.C. § 227(c).

47.     The Defendant's violations were negligent and/or knowing.

**Count Three:**
**Injunctive relief to bar future TCPA violations**

48.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

49.     The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

50.     The Plaintiff respectfully petitions this Court to order the Defendants, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

**Relief Sought**

For herself and all class members, Plaintiff requests the following relief:

1.      That Patriot Payment Group be restrained from engaging in future telemarketing in violation of the TCPA.

2.      That Patriot Payment Group, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

3.      That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure.

4.      That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

5.      That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**


Plaintiff Diana Mey
By Counsel


*/s/ John W. Barrett*
John W. Barrett
Jonathan R. Marshall
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110 *facsimile*
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA  02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Subject to Pro Hac Vice*