## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY, individually and on behalf of a
class of all persons and entities similarly
situated,

      Plaintiff,

vs.                                                             Case No. 5:15-cv-00027-JPB

PATRIOT PAYMENT GROUP, LLC, and
NORTH AMERICAN BANCARD, LLC,

      Defendants.

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM
## DEFENDANTS PATRIOT PAYMENT GROUP, LLC
## AND NORTH AMERICAN BANCARD, LLC

For the reasons set forth in her accompanying memorandum in support, Plaintiff Diana

Mey brings this motion to compel discovery responses from both defendants in the case, Patriot

Payment Group, LLC ("PPG") and North American Bancard, LLC. ("NAB")  Both defendants

have responded to Plaintiff's discovery with wholesale objections and refusals to produce any

information or documents relating to her claims.  As is set forth below and in the accompanying

memorandum, PPG has limited its most recent document response to agreeing to produce an

organization chart (only produced after entry of a Confidentiality and Protective Order) and as to

eight Interrogatories, NAB provided only the identity of the individual responding to the

Interrogatories.  NAB additionally refused to provide appropriate denials or admissions to five of

six Requests for Admission, and agreed to produce documents in response to only 3 of 17

Requests for Production, agreeing only to provide an organizational chart and insurance-related

documents, and in the third instance claiming not to have the documents sought.  Because both

defendants should be forced to provide meaningful discovery on the contested issue of NAB's

vicarious liability for the calls at issue, Plaintiff brings this motion to compel.

Document Requests to PPG and its Responses are set forth below, followed by the

NAB's responses to Interrogatories, Requests for Admission, and Requests for Production of

Document.  In addition,

<u>Request No. 1:</u>

All correspondence, including, but not limited to, e-mails, exchanged with North American Bancard, LLC ("NAB") employees.

<u>Response to Request No. 1:</u>

Patriot objects to this Request as irrelevant, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's Amended Complaint (the "FAC") [D.E. 58] seeks to allege violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were placed by Patriot on behalf of North American Bancard, LLC ("NAB"). Rather, the Request seeks each and every "correspondence, including, but not limited to, e-mails" exchanged between any individual or entity, on the one hand, and NAB employees, on the other hand, without regard to the source, substance or subject matter thereof.

Patriot further objects to the term "correspondence" as vague and ambiguous particularly as Plaintiff's definitions instruct Patriot to use the ordinary meaning of a word not otherwise defined in the Requests. *See* Requests, ¶1. The term "correspondence" is not defined in the Requests, thus Patriot is instructed to use the ordinary meaning of the term. *See id.* "Correspondence" is defined as "communication by exchange of letters." *Correspondence*, <u>Merriam-Webster's Collegiate Dictionary</u> (11th ed. 2004). Plaintiff's inclusion, but not limitation, of the word "e-mail" renders the term "correspondence" vague and ambiguous.

Patriot further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

Patriot further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**<u>Request No. 2:</u>**

All correspondence, including, but not limited to, e-mails exchanged with any third parties regarding NAB.

**Response to Request No. 2:**

Patriot objects to this Request as irrelevant, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were placed by Patriot on behalf of NAB. Rather, the Request seeks each and every "correspondence, including, but not limited to, e-mails…regarding NAB" between any individual or entity, on the one hand, and any unnamed third party, on the other hand, without regard to the source, substance or subject matter thereof.

Patriot further objects to the term "correspondence" as vague and ambiguous particularly as Plaintiff's definitions instruct Patriot to use the ordinary meaning of a word not otherwise defined in the Requests. *See* Requests, ¶1. The term "correspondence" is not defined in the Requests, thus Patriot is instructed to use the ordinary meaning of the term. *See id.* "Correspondence" is defined as "communication by letters." *Merriam-Webster's Collegiate Dictionary* 280 (11th ed. 2003); *see also Black's Law Dictionary* 421 (10th ed. 2014) ("Correspondent" defined to be "[t]he writer of letter or letters."). Plaintiff's "inclu[sion], but not limit[ation,]" of the word "e-mails" in the Request renders the term "correspondence" vague and ambiguous.

Patriot further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

Patriot further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 3:**

All documents evidencing any payments made to NAB.

**Response to Request No. 3:**

Patriot objects to this Request as irrelevant, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were placed by Patriot on behalf of NAB. Rather, the Request seeks each and every document evidencing "any payments" made by any individual or entity, on the one hand, to NAB, on the other hand, without regard to the source, purpose, substance or subject matter thereof.

Patriot further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

3

Patriot further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 4:**

All documents evidencing payments from NAB.

**Response to Request No. 4:**

Patriot objects to this Request as irrelevant, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were placed by Patriot on behalf of NAB. Rather, the Request seeks each and every document evidencing any "payments" made by NAB, on the one hand, to any individual or entity, on the other hand, without regard to the source, purpose, substance or subject matter thereof.

Patriot further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

Patriot further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 5:**

All documents evidencing any action taken by Patriot Payment Group with respect to NAB when it signs up a new customer.

**Response to Request No. 5:**

Patriot does not take any action when NAB "signs up a new customer" as any actions to be taken in such circumstances would necessarily be actions taken by NAB.

The objections that apply to this Request continue as follows:

Patriot objects to this Request as irrelevant, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were placed by Patriot on behalf of NAB. Rather, the Request seeks each and every document evidencing any "action" taken by NAB when NAB signs up a "new customer" without regard to the purpose, substance or subject matter thereof.

Patriot further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials, if any, in the possession of other parties.

4

Patriot further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 6:**

All documents evidencing any actions taken by NAB to provide service on any Patriot Payment Group customers.

**Response to Request No. 6:**

Patriot objects to this Request as irrelevant, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were placed by Patriot on behalf of NAB. Rather, the Request seeks each and every document evidencing any actions taken by NAB to provide vague and ambiguous "service on" any Patriot customers, without regard to the purpose, substance or subject matter thereof; particularly as any actions taken by NAB as it relates to Patriot's customers is best described as administrative support provided by NAB at the direction of Patriot, if any, and such administrative support occurs after Patriot communicates the benefits of its program and services (i.e. sales pitch) to customers seeking such customers' business.

Patriot further objects to the phrase "to provide service on" as vague and ambiguous.

Patriot further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

Patriot further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 7:**

All documents evidencing any actions taken by NAB to collect debts owed on any Patriot Payment Group customer accounts.

**Response to Request No. 7:**

Patriot objects to this Request as irrelevant, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were placed by Patriot on behalf of NAB. Rather, the Request seeks each and every document evidencing any actions taken by NAB "to collect

debts," if any, owed on a vague and ambiguous "Patriot Payment Group customer accounts" without regard to the purpose, substance or subject matter thereof.

Patriot further objects to the phrases "collect debts owed" and "Patriot Payment Group customer accounts" as vague and ambiguous. By way of example of the foregoing – an example that does not seek to limit the vague and ambiguous phrases "collect debts owed" and "Patriot Payment Group customer accounts," but rather to serve as an illustration of the vague and ambiguous nature of the phrases – the overall tenor of this Request coupled with the allegations contained in Plaintiff's FAC seemingly seeks to suggest NAB provides services both to Patriot and Patriot's customers. Thus, does the vague and ambiguous phrase "Patriot Payment Group customer accounts" refer to Patriot's customer accounts with NAB, if any? Does the phrase refer to Patriot's customer accounts with any other individual or entity, if any? Does the phrase refer to Patriot's own customer accounts, if any? Similarly, does the vague and ambiguous phrase "collect debts owed" refer to debts owed by Patriot to NAB, if any? Does the phrase refer to debts owed by Patriot to any other individual or entity, if any? Does the phrase refer to debts owed by Patriot's customers to Patriot, if any?

Patriot further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

Patriot further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No.9:**

Produce a complete organizational chart for Patriot Payment Group.

**Response to Request No. 8:**

Patriot will produce material responsive to this Request upon the entry of an appropriate protective order governing the treatment of confidential information in this action.

The objections that apply to this Request continue as follows:

Patriot objects to this Request as irrelevant, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were placed by Patriot on behalf of NAB.

Patriot further objects to the phrase "complete organization chart" as vague and ambiguous.

**Request No. 9:**

Produce all contracts, including drafts of any contracts, between Patriot Payment Group and NAB.

**Response to Request No. 9:**

Patriot objects to this Request as irrelevant, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were placed by Patriot on behalf of NAB. Rather, the Request seeks each and every contract(s), if any, between Patriot and NAB without regard to the purpose, substance or subject matter thereof.

Patriot further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

Patriot further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 10:**

Produce all documents relating to any audits, investigations or other inquiries into Patriot  Payment Group by NAB.

**Response to Request No. 10:**

Patriot objects to this Request as irrelevant, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were placed by Patriot on behalf of NAB. Rather, the Request seeks each and every document relating to any "audits, investigations" or vague and ambiguous "other inquiries" into Patriot by NAB without regard to the purpose, substance or subject matter thereof.

Patriot further objects to the term "other inquiries" as vague and ambiguous.

Patriot further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

Patriot further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 11:**

Produce all documents relating to any indemnification agreements between Patriot Payment Group and NAB.

**Response to Request No. 11:**

Patriot objects to this Request as irrelevant, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were placed by Patriot on behalf of NAB. Rather, the Request seeks each and every document relating to any "indemnification agreement between Patriot and NAB" without regard to the purpose, substance or subject matter thereof.

**NAB Discovery Responses at Issue**

**a.   Answers to Interrogatories**

NAB specifically responds to the Interrogatories as follows:

**Request No. 1:**
Identify all facts in support of affirmative defenses you have raised. Including, but not limited to, the sources of any consent you assert you've obtained from the Plaintiff or putative class member to make telemarketing calls to them.

**Response to Request No. 1:**
NAB has not raised any affirmative defenses, and thus is unable to identify any facts in support of any non-existent affirmative defenses.

**Request No. 2:**
Identify the person or persons responsible for receiving, maintaining, investigating, and responding to complaints submitted to you related to TCPA violations and identify the individual responsible for initiating disciplinary measures against the responsible party.

**Response to Request No. 2:**
NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff s FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks the identity of each and every person with vague and ambiguous responsibilities related to "TCPA violations" without regard to the identity of the individual or entity that purportedly committed such violations.

NAB further objects to the terms "maintaining," "complaints," and "disciplinary measures" as vague and ambiguous. NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact. NAB further objects to this Request to the extent it calls for a legal conclusion.

8

**Request No. 3**:

Identify all persons at your company that have communicated with Patriot Payment Group.

**Response to Request No. 3:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff s FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks the identity of each and every person "at [NAB]" who has communicated with Patriot Payment Group, LLC ("Patriot") without regard to the purpose, substance or subject matter thereof.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 4:**

Identify all persons who have made requests to stop being contacted by you or complaints about calls from you or any third party, including, but not limited to, requests and complaints submitted to any government agency; requests and complaints submitted to any other organization such as the Better Business Bureau, Chamber of Commerce or other consumer advice or protection organization; or any other organization of any kind.

**Response to Request No. 4:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff s FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks the identity of each and every person, on the one hand, requesting NAB to stop "contact[ing]" such person or "complain[ing] about calls" to any individual or entity, on the other hand, without regard to the means employed to "contact[]" or "call[]" such persons or the identities of such persons.

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks information in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion. NAB further objects to this Request to the extent it calls for speculation.

**Request No. 5:**

Identify the persons who are most knowledgeable about your company's relationship with third parties that provide your company with new customers through telemarketing.

**Response to Request No. 5:**

Subject to the following objections, NAB provides what is best described as administrative support to third parties with such administrative support provided by NAB at the direction of third parties, if any, and such administrative support occurs only after third parties communicate the benefits of such third parties' program and services (i.e. sales pitch) to such third parties' potential customers in an effort to obtain such customers' business. Thus, such third parties do not "provide" NAB with new customers as any such customers are those of the third parties.

The objections that apply to this Request continue as follows:

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff s FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks the identity of any individual, whether employed by NAB, third-parties, or otherwise, regarding NAB's relationship with undescribed third-parties that provide new customers to NAB through telemarketing without regard to the means employed to obtain such customers or the identities of such customers.

NAB further objects to the term "service" as vague and ambiguous.

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks information, if any, in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for speculation.

**Request No. 6:**

Identify the persons who are most knowledgeable about the telemarketing done by Patriot Payment Group.

**Response to Request No. 6:**

Subject to the objections that follow, Patriot's employees and/or contractors are most knowledgeable about the "telemarketing done by Patriot."

The objections that apply to this Request continue as follows:

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's

allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks the identity of individuals "most knowledgeable" about Patriot's "telemarketing" without regard to the means employed to "telemarket[]" or the identities of the recipients of such purported "telemarketing."

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks information in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for speculation.

**Request No. 8**:

If any of your responses to any of the below Requests for Admission is anything other than an unqualified "admitted" response, please explain the basis for your answer.

**Response to Request No. 8**:

If any of NAB's responses to any of Plaintiff's First Request for Admission are anything other than an unqualified "admitted" response, the explanation will be provided in the Response to such Request for Admission.

**b.   Responses to Requests for Production of Documents**

NAB specifically responds to the Requests as follows:

**Request No. 1:**

All correspondence, including, but not limited to, e-mails, relating to Patriot Payment Group, LLC ("Patriot Payment Group").

**Response to Request No. 1:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff s Amended

Complaint (the "FAC") [D.E. 58] seeks to allege violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot Payment Group, LLC ("Patriot") on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every "correspondence, including, but not limited to, e-mails" exchanged between any individual or entity, on the one hand, and any individual or entity, on the other hand, "relating to Patriot" without regard to the source, substance or subject matter thereof.

NAB further objects to the term "correspondence" as vague and ambiguous particularly as Plaintiff s definitions instruct NAB to use the ordinary meaning of a word not otherwise defined in the Requests. *See* Requests, 1. The term "correspondence" is not defined in the Requests, thus NAB is instructed to use the ordinary meaning of the term. *See id.* "Correspondence" is defined as "communication by exchange of letters." *Correspondence,* Merriam-Webster's Collegiate Dictionary (11th ed. 2004). Plaintiff s inclusion, but not limitation, of the word "e-mail" renders the term "correspondence" vague and ambiguous.

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 2:**

All documents sent to or received from the FTC, any State Attorney General, or other government entity, relating to allegations of unlawful telemarketing.

**Response to Request No. 2:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff s FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every document any individual or entity, on the one hand, sent to or received from any government entity, either state or federal, "relating to allegations of unlawful telemarketing" by any entity or individual, on the other hand, without regard to the source, recipient, substance or subject matter thereof, including, but not limited to, the means employed to "telemarket[]" or the identities of the recipients of such purported "telemarketing."

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

**Request No. 3:**

All contracts entered into with Patriot Payment Group, including drafts of those contracts.

**Response to Request No. 3:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff s FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every contract any entity or individual, on the one hand, entered into with Patriot, on the other hand, without regard to the source, purpose, substance or subject matter thereof.

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

**Request No. 4:**

All documents evidencing any payments made to Patriot Payment Group.

**Response to Request No. 4:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff s FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every document evidencing "any payments" made by any entity or individual, on the one hand, to Patriot, on the other hand, without regard to the source, purpose, substance or subject matter thereof.

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

**Request No. 5:**

All documents evidencing any action taken by you to provide service to any Patriot Payment Group customers.

**Response to Request No. 5:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff s FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained  in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the  FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every document evidencing any actions taken by NAB to provide vague and ambiguous "service" to any Patriot customers, without regard to the purpose, substance or subject matter thereof; particularly as any actions taken by NAB as it relates to Patriot's customers is best described as administrative support provided by NAB at the direction of Patriot, if any, and such administrative support occurs only after Patriot communicates the benefits of its program and services (i.e. sales pitch) to customers seeking  such customers' business.

NAB further objects to the term "service" as vague and ambiguous.

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials, if any, in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 6:**

All documents evidencing any actions taken by you to collect debts owed on any Patriot Payment Group customer accounts.

**Response to Request No. 6:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, seeks each and every document evidencing any actions taken by NAB "to collect debts," if any, owed on a vague and ambiguous "Patriot Payment Group customer accounts" without regard to the purpose, substance or subject matter thereof.

NAB further objects to the phrases "collect debts owed" and "Patriot Payment Group customer accounts" as vague and ambiguous. By way of example of the foregoing – an example that does not seek to limit the vague and ambiguous phrases "collect debts owed" and "Patriot Payment Group customer accounts," but rather to serve as an illustration of the vague and ambiguous nature of the phrases – the overall tenor of this Request coupled with the allegations contained in Plaintiff s FAC seemingly seeks to suggest NAB provides services both to Patriot and Patriot's customers. Thus, does the vague and ambiguous phrase "Patriot Payment Group customer accounts" refer to Patriot's customer accounts with NAB, if any? Does the phrase refer to Patriot's customer accounts with any other individual or entity, if any? Does the phrase refer to Patriot's own customer accounts, if any? Similarly, does the vague and ambiguous phrase "collect debts owed" refer to debts owed by Patriot to NAB, if any? Does the phrase refer to debts owed by Patriot to any other individual or entity, if any? Does the phrase refer to debts owed by Patriot's customers to Patriot, if any?

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

14

**Request No. 7:**

Produce a complete organizational chart for North American Bancard.

**Response to Request No. 7:**

NAB will produce material responsive to this Request at a reasonable date, time, and location, and upon the entry of an appropriate protective order governing the treatment of confidential information in this action.

**Request No. 8:**

Produce all documents relating to any audits, investigations or other inquiries into Patriot Payment Group by North American Bancard.

**Response to Request No. 8:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff s FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every document relating to "any audit[], investigation[]" or a vague and ambiguous "inquir[y]" of any nature whatsoever without regard to the purpose, substance or subject matter thereof.

NAB further objects to the term "inquiry" as vague and ambiguous.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 9:**

All documents relating to Patriot Payment Group relating to telemarketing calls.

**Response to Request No. 9:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff s FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every document from any entity or individual, on the one hand, relating to Patriot relating to any entity or individual's, on the other hand, telemarketing calls without regard to the purpose, substance, or subject matter thereof; including, but not limited to, the means employed to "telemarket[]" or the identities of the recipients of such purported "telemarketing."

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No.  10:**

    All documents relating to Patriot Payment Group relating to telemarketing calls.

**Response to Request No. 10:**

    See Response to Request No. 9, *supra.*

**Request No.  11:**

    All documents concerning responses to complaints made to North American Bancard that involves telemarketing.

**Response to Request No.  11:**

    NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff s FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every document relating to any entity or individual's response to vague and ambiguous "complaints" made to NAB that involve any entity or individual's "telemarketing" without regard to the purpose, substance or subject matter thereof, including, but not limited to, the means employed to "telemarket[]" or the identities of the recipients of such purported "telemarketing."

    NAB further objects to the term "complaints" as vague and ambiguous.

    NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

    NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

    NAB further objects to this Request to the extent it calls for a legal conclusion.

**Request No.  12:**

    All documents referred to in, identified in, or that provide part or all of the basis for your responses to any Interrogatory propounded by the Plaintiff.

**Response to Request No.  12:**

    NAB is not in possession of materials responsive to this Request.

**Request No. 13:**

    All documents, records, data, recordings and other materials relating to plaintiff or her telephone number.

**Response to Request No. 13:**

    Aside from documents already in the possession of Plaintiff (i.e. papers filed or served in this action), which requested production is unduly burdensome, oppressive and harassing, NAB is not in possession of materials responsive to this Request; particularly as Plaintiff s First Amended Complaint (the "FAC") neither alleges NAB placed the purported telephone calls at

issue in the FAC nor alleges Plaintiff s telephone number, and thus NAB is unaware of Plaintiff s telephone number.

## Request No.  14:

All documents that support any of the affirmative defenses asserted in your Answer. This includes, but is not limited to, any assertion that the recipients of Patriot Payment Group's telephone calls provided their prior express consent to receive such calls or the calls were made due to an established business relationship with the called party.

## Response to Request No. 14:

Subject to the following objections, NAB is not in possession of materials responsive to this Request; particularly as NAB has neither filed an Answer to the FAC nor asserted any Affirmative Defenses in response to the FAC.

The objections that apply to this Request continue as follows:

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope  to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every document relating to Patriot's "telephone calls" without regard to  the purpose, substance or subject matter thereof, including, but not limited to the means employed to place such purported "telephone calls" or the identities of the recipients of such purported "telephone calls."

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

## Request No.  15:

All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence discussing, accepting or declining coverage or reserving rights with respect thereto.

## Response to Request No. 15:

Subject to the following objections, NAB will produce material responsive to this Request at a reasonable date, time, and location, and upon the entry of an appropriate protective order governing the treatment of confidential information in this action.

The objections that apply to this Request continue as follows:

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope; particularly as Plaintiff seeks insurance information that "possibly" could provide coverage in this case. Indeed, a mere "possibility" is too remote and indefinite to describe with  "reasonable particularity" the documents Plaintiff seeks as required by Fed. R. Civ. P 34(b). To the extent NAB submits

an insurance claim seeking to defray, or in any way cover, the litigation costs and expenses incurred in defending itself in this action, NAB will supplement this disclosure.

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

NAB further objects to this Request to the extent it seeks documents and materials protected by any applicable privilege, including, but not limited to, the attorney-client privilege.

### Request No. 16:

All documents received from third parties that relate to this case, without regard to time. Responsive materials would include, for example, any correspondence sent by you to any third parties related to this litigation.

### Response to Request No. 16:

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in time and scope. Plaintiff s FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its time and scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every document from any point in time received by any entity or individual from any entity or individual, "without regard to time" that is vaguely and ambiguously "related to this litigation" without regard to the purpose, substance or subject matter thereof. By way of example of the foregoing, the indefinite, vague and ambiguous "relate to this case" could include any communication by and between NAB, on the one hand, and Patriot, on the other hand, without regard to the substance of subject matter thereof.

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

### Request No. 17:

Produce all databases that identify any leads or other customers obtained by Patriot Payment Group for your company.

### Response to Request No. 17:

Subject to the following objections, NAB is not in possession of materials responsive to this request; particularly as NAB's relationship with Patriot and its customers is best described as NAB providing administrative support to Patriot, and presumably Patriot's customers, at the direction of Patriot with such administrative support occurring only after Patriot communicates the benefits of its program and services (i.e. sales pitch) to customers

seeking such customers' business . Thus, NAB does not "obtain[]" customers from Patriot as any such customers are those of Patriot.

The objections that apply to this Request continue as follows:

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in time and scope. Plaintiff s FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its time and scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks vague and ambiguous "databases" identifying vague and ambiguous "leads or other customers obtained by Patriot" without regard to the means employed to obtain such alleged "leads or other customers" or the identities of such "leads or other customers."

NAB further objects to the term "leads" and "databases" as vague and ambiguous.

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

### c.   Responses to Requests for Admission

NAB specifically responds to the Requests as follows:

## Request No.  1:

Admit that Patriot Payment Group is authorized to place telemarketing calls that promote your goods or services.

## Response to Request No. 1:

Deny. Any telemarketing call placed by Patriot Payment Group ("Patriot") is to promote Patriot's goods and services.

## Request No. 2:

Admit that your company is aware that the third parties it works with make outbound telemarketing calls.

## Response to Request No. 2:

Subject to the following objections, deny. NAB "works with" third parties in many different and varying respects. Accordingly, NAB is unaware if all of these "third parties...make outbound telemarketing calls."

The objections that apply to this Request continue as follows:

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's First Amended Complaint ("FAC") seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks an admission related to the activities of unnamed "third parties" without regard to the means employed to place "telemarketing calls" or the identities of the recipients of such "telemarketing calls."

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks information in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

### Request No. 3:

Admit that prior to the filing of the Complaint in this action you received complaints arising from telephone activities.

### Response to Request No. 3:

NAB admits prior to the filing of the instant action it was served with a legal complaint in a matter styled *Diana Mey v. North American Bancard, LLC;* Case No. 14-cv-11331 in the United States District Court for the Eastern District of Michigan, but, subject to the following objections, denies the remainder of this Request.

The objections that apply to this Request continue as follows:

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff s FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks an admission related to purported "complaints arising from telephone activities" of any entity or individual without regard to the nature, substance, or subject matter of the vague and ambiguous "complaints," or the means employed to place such "telephone activities," or the identities of the recipients of such "telephone activities."

NAB further objects to the term "telephone activities" as vague and ambiguous.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

**Request No. 4:**

Admit that your company was aware that Patriot Payment Group engaged m telemarketing.

**Response to Request No. 4:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff s FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks an admission related to Patriot's "telemarketing" without regard to the means employed to "telemarket[]" or the identities of the recipients of such "telemarketing."

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 5:**

Admit that Patriot Payment Group makes telemarketing calls on behalf of your company.

**Response to Request No. 5:**

Subject to the following objections, deny. Patriot is neither authorized nor, to the best of NAB's knowledge, makes telemarketing calls on behalf of NAB.

The objections that apply to this Request continue as follows:

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff s PAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the PAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the PAC; particularly the PAC's allegations that the alleged telephone calls at issue in the PAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks an admission related to Patriot's "telemarketing" without regard to the means employed to "telemarket[]" or the identities of the recipients of such "telemarketing."

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 6:**

Admit that you have no written consent from the Plaintiff to place telemarketing calls to her.

**Response to Request No. 6:**

Subject to the objections that follow, NAB can neither admit nor deny this Request because NAB, as alleged in Plaintiff s PAC, did not place any telemarketing calls to Plaintiff. Further, NAB continues to make a reasonable inquiry into the allegations contained in Plaintiff s PAC and the information it has reviewed thus far indicates NAB did not place any telemarketing calls to Plaintiff.

The objections that apply to this Request continue as follows:

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff s PAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks an admission related to purported "telemarketing" without regard to the means employed to "place telemarketing calls."

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

## Conclusion

For the reasons set forth in Plaintiff's accompanying memorandum in support, Plaintiff respectfully requests that PPG be ordered to produce documents responsive to Plaintiff's Second Set of Requests for Production of Documents numbers 1-7, 9-11.  As to NAB's responses to Plaintiff's Second Set of Discovery, Plaintiff requests that the Court order full responses to Interrogatories 2-6 and 8; full production in response to Requests for Production 1-6, 8-12, 14, 16 and 17; with respect to NAB's Responses to Requests for Admission, Plaintiff requests that the Court order complete responses to Requests for Admission 2-6.

## Certification of Conference Required by Local Rule of Civil Procedure 26.04(b)

The undersigned certifies that Edward A. Broderick, conferred with counsel for Patriot Payment Group, LLC on March 14, 2016 by telephone in an attempt to narrow the areas of disagreement as to the issues presented herein and that the conference was unsuccessful.  Mr. Broderick held a similar conference with counsel for North American Bancard, LLC on

March 21, 2016 and was also unable to narrow the outstanding issues with respect to North

American Bancard, LLC's discovery responses.

Respectfully submitted,

Plaintiff Diana Mey
By Counsel,

/s/John W. Barrett
John W. Barrett (WVSB#7289)
Jonathan R. Marshall (WVSB#10580)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com

Edward A. Broderick
Anthony Paronich
BRODERICK LAW, P.C.
99 High St., Suite 304
Boston, MA 02110
Telephone:  (617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA  01760
Telephone: (508) 655-1415
mmccue@massattorneys.net


Dated:  March 21, 2016

## CERTIFICATE OF SERVICE

I, John W. Barrett, hereby certify that on March 21, 2016, I caused to be filed the

foregoing "Plaintiff's Motion to Compel Discovery Responses From Defendants Patriot Payment

Group, LLC and North American Bancard, LLC" with the Clerk of the Court using the CM/ECF

System, which caused a true and accurate copy of such filing to be served upon all counsel of

record.

       */s/ John W. Barrett*
       John W. Barrett