IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

DIANA MEY, individually and on behalf of
a class of all persons and entities similarly
situated,

        Plaintiff,

v.

PATRIOT PAYMENT GROUP, LLC, and
NORTH AMERICAN BANCARD, LLC,

        Defendants.

Case No. 5:15-CV-00027-JPB

### DEFENDANT NORTH AMERICAN BANCARD, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendant North American Bancard, LLC ("NAB"), by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Northern District of West Virginia, hereby serves its responses to Plaintiff Diana Mey's ("Plaintiff") First Set of Requests for Production (the "Requests"), and in support thereof, states as follows:

### RESPONSES TO REQUESTS FOR PRODUCTION

NAB specifically responds to the Requests as follows:

**Request No. 1:**

All correspondence, including, but not limited to, e-mails, relating to Patriot Payment Group, LLC ("Patriot Payment Group").

**Response to Request No. 1:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's Amended

*Mey v. Patriot Payment Group, LLC, et al.*
*Case No. 5:15-cv-00027-JPB*
*Responses to 1st Set of Requests for Production to NAB*

Complaint (the "FAC") [D.E. 58] seeks to allege violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot Payment Group, LLC ("Patriot") on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every "correspondence, including, but not limited to, e-mails" exchanged between any individual or entity, on the one hand, and any individual or entity, on the other hand, "relating to Patriot" without regard to the source, substance or subject matter thereof.

NAB further objects to the term "correspondence" as vague and ambiguous particularly as Plaintiff's definitions instruct NAB to use the ordinary meaning of a word not otherwise defined in the Requests. *See* Requests, ¶1. The term "correspondence" is not defined in the Requests, thus NAB is instructed to use the ordinary meaning of the term. *See id.* "Correspondence" is defined as "communication by exchange of letters." *Correspondence*, Merriam-Webster's Collegiate Dictionary (11th ed. 2004). Plaintiff's inclusion, but not limitation, of the word "e-mail" renders the term "correspondence" vague and ambiguous.

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

*Mey v. Patriot Payment Group, LLC, et al.*
*Case No. 5:15-cv-00027-JPB*
*Responses to 1st Set of Requests for Production to NAB*

**Request No. 2:**

All documents sent to or received from the FTC, any State Attorney General, or other government entity, relating to allegations of unlawful telemarketing.

**Response to Request No. 2:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every document any individual or entity, on the one hand, sent to or received from any government entity, either state or federal, "relating to allegations of unlawful telemarketing" by any entity or individual, on the other hand, without regard to the source, recipient, substance or subject matter thereof, including, but not limited to, the means employed to "telemarket[]" or the identities of the recipients of such purported "telemarketing."

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

**Request No. 3:**

All contracts entered into with Patriot Payment Group, including drafts of those contracts.

3

25479806v1

*Mey v. Patriot Payment Group, LLC, et al.*
*Case No. 5:15-cv-00027-JPB*
*Responses to 1st Set of Requests for Production to NAB*

**Response to Request No. 3:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every contract any entity or individual, on the one hand, entered into with Patriot, on the other hand, without regard to the source, purpose, substance or subject matter thereof.

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

**Request No. 4:**

All documents evidencing any payments made to Patriot Payment Group.

**Response to Request No. 4:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained

4

*Mey v. Patriot Payment Group, LLC, et al.*
Case No. 5:15-cv-00027-JPB
Responses to 1st Set of Requests for Production to NAB

in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every document evidencing "any payments" made by any entity or individual, on the one hand, to Patriot, on the other hand, without regard to the source, purpose, substance or subject matter thereof.

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

**Request No. 5:**

All documents evidencing any action taken by you to provide service to any Patriot Payment Group customers.

**Response to Request No. 5:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request

*Mey v. Patriot Payment Group, LLC, et al.*
Case No. 5:15-cv-00027-JPB
Responses to 1st Set of Requests for Production to NAB

seeks each and every document evidencing any actions taken by NAB to provide vague and ambiguous "service" to any Patriot customers, without regard to the purpose, substance or subject matter thereof; particularly as any actions taken by NAB as it relates to Patriot's customers is best described as administrative support provided by NAB at the direction of Patriot, if any, and such administrative support occurs only after Patriot communicates the benefits of its program and services (i.e. sales pitch) to customers seeking such customers' business.

NAB further objects to the term "service" as vague and ambiguous.

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials, if any, in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 6:**

All documents evidencing any actions taken by you to collect debts owed on any Patriot Payment Group customer accounts.

**Response to Request No. 6:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request

25479806v1

*Mey v. Patriot Payment Group, LLC, et al.*
Case No. 5:15-cv-00027-JPB
Responses to 1st Set of Requests for Production to NAB

seeks each and every document evidencing any actions taken by NAB "to collect debts," if any, owed on a vague and ambiguous "Patriot Payment Group customer accounts" without regard to the purpose, substance or subject matter thereof.

NAB further objects to the phrases "collect debts owed" and "Patriot Payment Group customer accounts" as vague and ambiguous. By way of example of the foregoing – an example that does not seek to limit the vague and ambiguous phrases "collect debts owed" and "Patriot Payment Group customer accounts," but rather to serve as an illustration of the vague and ambiguous nature of the phrases – the overall tenor of this Request coupled with the allegations contained in Plaintiff's FAC seemingly seeks to suggest NAB provides services both to Patriot and Patriot's customers. Thus, does the vague and ambiguous phrase "Patriot Payment Group customer accounts" refer to Patriot's customer accounts with NAB, if any? Does the phrase refer to Patriot's customer accounts with any other individual or entity, if any? Does the phrase refer to Patriot's own customer accounts, if any? Similarly, does the vague and ambiguous phrase "collect debts owed" refer to debts owed by Patriot to NAB, if any? Does the phrase refer to debts owed by Patriot to any other individual or entity, if any? Does the phrase refer to debts owed by Patriot's customers to Patriot, if any?

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 7:**

Produce a complete organizational chart for North American Bancard.

*Mey v. Patriot Payment Group, LLC, et al.*
*Case No. 5:15-cv-00027-JPB*
*Responses to 1st Set of Requests for Production to NAB*

**Response to Request No. 7:**

NAB will produce material responsive to this Request at a reasonable date, time, and location, and upon the entry of an appropriate protective order governing the treatment of confidential information in this action.

**Request No. 8:**

Produce all documents relating to any audits, investigations or other inquiries into Patriot Payment Group by North American Bancard.

**Response to Request No. 8:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every document relating to "any audit[], investigation[]" or a vague and ambiguous "inquir[y]" of any nature whatsoever without regard to the purpose, substance or subject matter thereof.

NAB further objects to the term "inquiry" as vague and ambiguous.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 9:**

All documents relating to Patriot Payment Group relating to telemarketing calls.

*Mey v. Patriot Payment Group, LLC, et al.*
*Case No. 5:15-cv-00027-JPB*
*Responses to 1st Set of Requests for Production to NAB*

**Response to Request No. 9:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every document from any entity or individual, on the one hand, relating to Patriot relating to any entity or individual's, on the other hand, telemarketing calls without regard to the purpose, substance, or subject matter thereof; including, but not limited to, the means employed to "telemarket[]" or the identities of the recipients of such purported "telemarketing."

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 10:**

All documents relating to Patriot Payment Group relating to telemarketing calls.

**Response to Request No. 10:**

See Response to Request No. 9, *supra*.

25479806v1

*Mey v. Patriot Payment Group, LLC, et al.*
*Case No. 5:15-cv-00027-JPB*
*Responses to 1st Set of Requests for Production to NAB*

**Request No. 11:**

All documents concerning responses to complaints made to North American Bancard that involves telemarketing.

**Response to Request No. 11:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every document relating to any entity or individual's response to vague and ambiguous "complaints" made to NAB that involve any entity or individual's "telemarketing" without regard to the purpose, substance or subject matter thereof, including, but not limited to, the means employed to "telemarket[]" or the identities of the recipients of such purported "telemarketing."

NAB further objects to the term "complaints" as vague and ambiguous.

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

25479806v1

*Mey v. Patriot Payment Group, LLC, et al.*
*Case No. 5:15-cv-00027-JPB*
*Responses to 1st Set of Requests for Production to NAB*

**Request No. 12:**

All documents referred to in, identified in, or that provide part or all of the basis for your responses to any Interrogatory propounded by the Plaintiff.

**Response to Request No. 12:**

NAB is not in possession of materials responsive to this Request.

**Request No. 13:**

All documents, records, data, recordings and other materials relating to plaintiff or her telephone number.

**Response to Request No. 13:**

Aside from documents already in the possession of Plaintiff (i.e. papers filed or served in this action), which requested production is unduly burdensome, oppressive and harassing, NAB is not in possession of materials responsive to this Request; particularly as Plaintiff's First Amended Complaint (the "FAC") neither alleges NAB placed the purported telephone calls at issue in the FAC nor alleges Plaintiff's telephone number, and thus NAB is unaware of Plaintiff's telephone number.

**Request No. 14:**

All documents that support any of the affirmative defenses asserted in your Answer. This includes, but is not limited to, any assertion that the recipients of Patriot Payment Group's telephone calls provided their prior express consent to receive such calls or the calls were made due to an established business relationship with the called party.

*Mey v. Patriot Payment Group, LLC, et al.*
*Case No. 5:15-cv-00027-JPB*
*Responses to 1st Set of Requests for Production to NAB*

**Response to Request No. 14:**

Subject to the following objections, NAB is not in possession of materials responsive to this Request; particularly as NAB has neither filed an Answer to the FAC nor asserted any Affirmative Defenses in response to the FAC.

The objections that apply to this Request continue as follows:

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every document relating to Patriot's "telephone calls" without regard to the purpose, substance or subject matter thereof, including, but not limited to the means employed to place such purported "telephone calls" or the identities of the recipients of such purported "telephone calls."

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

*Mey v. Patriot Payment Group, LLC, et al.*
*Case No. 5:15-cv-00027-JPB*
*Responses to 1st Set of Requests for Production to NAB*

**Request No. 15:**

All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence discussing, accepting or declining coverage or reserving rights with respect thereto.

**Response to Request No. 15:**

Subject to the following objections, NAB will produce material responsive to this Request at a reasonable date, time, and location, and upon the entry of an appropriate protective order governing the treatment of confidential information in this action.

The objections that apply to this Request continue as follows:

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope; particularly as Plaintiff seeks insurance information that "possibly" could provide coverage in this case. Indeed, a mere "possibility" is too remote and indefinite to describe with "reasonable particularity" the documents Plaintiff seeks as required by Fed. R. Civ. P 34(b). To the extent NAB submits an insurance claim seeking to defray, or in any way cover, the litigation costs and expenses incurred in defending itself in this action, NAB will supplement this disclosure.

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

NAB further objects to this Request to the extent it seeks documents and materials protected by any applicable privilege, including, but not limited to, the attorney-client privilege.

25479806v1

*Mey v. Patriot Payment Group, LLC, et al.*
*Case No. 5:15-cv-00027-JPB*
*Responses to 1st Set of Requests for Production to NAB*

**Request No. 16:**

All documents received from third parties that relate to this case, without regard to time. Responsive materials would include, for example, any correspondence sent by you to any third parties related to this litigation.

**Response to Request No. 16:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in time and scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its time and scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks each and every document from any point in time received by any entity or individual from any entity or individual, "without regard to time" that is vaguely and ambiguously "related to this litigation" without regard to the purpose, substance or subject matter thereof. By way of example of the foregoing, the indefinite, vague and ambiguous "relate to this case" could include any communication by and between NAB, on the one hand, and Patriot, on the other hand, without regard to the substance of subject matter thereof.

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

14

*Mey v. Patriot Payment Group, LLC, et al.*
*Case No. 5:15-cv-00027-JPB*
*Responses to 1st Set of Requests for Production to NAB*

**Request No. 17:**

Produce all databases that identify any leads or other customers obtained by Patriot Payment Group for your company.

**Response to Request No. 17:**

Subject to the following objections, NAB is not in possession of materials responsive to this request; particularly as NAB's relationship with Patriot and its customers is best described as NAB providing administrative support to Patriot, and presumably Patriot's customers, at the direction of Patriot with such administrative support occurring only after Patriot communicates the benefits of its program and services (i.e. sales pitch) to customers seeking such customers' business. Thus, NAB does not "obtain[]" customers from Patriot as any such customers are those of Patriot.

The objections that apply to this Request continue as follows:

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in time and scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its time and scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks vague and ambiguous "databases" identifying vague and ambiguous "leads or other customers obtained by Patriot" without regard to the means employed to obtain such alleged "leads or other customers" or the identities of such "leads or other customers."

*Mey v. Patriot Payment Group, LLC, et al.*
*Case No. 5:15-cv-00027-JPB*
*Responses to 1ˢᵗ Set of Requests for Production to NAB*

NAB further objects to the term "leads" and "databases" as vague and ambiguous.

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks documents and materials in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

Dated: February 29, 2016          Respectfully submitted,

**SPILMAN THOMAS & BATTLE PLLC**
BY: */s/ Christina S. Terek*
Christina S. Terek (WV Bar No. 9724)
1233 Main Street
P.O. Box 831
Wheeling, WV 26003
cterek@spilmanlaw.com
Tel: (304) 230-6950
Fax: (304) 230-6951

Beth-Ann E. Krimsky (Admitted *Pro Hac Vice*)
Lawren A. Zann (Admitted *Pro Hac Vice*)
**GREENSPOON MARDER P.A.**
200 E. Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 527-2427
Fax: (954) 333-4027

25479806v1

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY, individually and on behalf of
a class of all persons and entities similarly
situated,

        Plaintiff,

v.                                                Case No. 5:15-CV-00027-JPB

PATRIOT PAYMENT GROUP, LLC, and
NORTH AMERICAN BANCARD, LLC,

        Defendants.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 29, 2016, I served the foregoing Defendant North American Bancard, LLC's Responses to Plaintiff's First Set of Request for Production on all parties of record identified on the Service List below via electronic mail.

John W. Barrett, Esq.
Jonathan R. Marshall, Esq.
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
jbarrett@bailerglasser.com
jmarshall@bailerglasser.com

Matthew P. McCue, Esq.
Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
mmcue@massattorneys.net

Edward A. Broderick, Esq.
Anthony Paronich, Esq.
Broderick Law, P.C.
125 Summer Street, Suite 1030
Boston, MA 02110
ted@broderick-law.com
anthony@broderick-law.com

                                                             /s/ *Christina S. Terek*
                                                             Christina S. Terek (WV Bar No. 9724)