IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

DIANA MEY, individually and on behalf of
a class of all persons and entities similarly
situated,

        Plaintiff,

v.

PATRIOT PAYMENT GROUP, LLC, and
NORTH AMERICAN BANCARD, LLC,

        Defendants.

Case No. 5:15-CV-00027-JPB

## DEFENDANT NORTH AMERICAN BANCARD, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS

Defendant North American Bancard, LLC ("NAB"), by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Northern District of West Virginia, hereby serves its responses to Plaintiff Diana Mey's ("Plaintiff") First Set of Requests for Admissions (the "Requests"), and in support thereof, states as follows:

### RESPONSES TO REQUESTS FOR ADMISSIONS

NAB specifically responds to the Requests as follows:

**Request No. 1:**

Admit that Patriot Payment Group is authorized to place telemarketing calls that promote your goods or services.

**Response to Request No. 1:**

Deny. Any telemarketing call placed by Patriot Payment Group ("Patriot") is to promote Patriot's goods and services.

25483593v1

*Mey v. Patriot Payment Group, LLC, et al.*
*Case No. 5:15-cv-00027-JPB*
*Responses to 1st Set of Requests for Admission to NAB*

**Request No. 2:**

Admit that your company is aware that the third parties it works with make outbound telemarketing calls.

**Response to Request No. 2:**

Subject to the following objections, deny. NAB "works with" third parties in many different and varying respects. Accordingly, NAB is unaware if all of these "third parties...make outbound telemarketing calls."

The objections that apply to this Request continue as follows:

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's First Amended Complaint ("FAC") seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks an admission related to the activities of unnamed "third parties" without regard to the means employed to place "telemarketing calls" or the identities of the recipients of such "telemarketing calls."

NAB further objects to this Request as unduly burdensome and oppressive to the extent the Request seeks information in the possession of other parties.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

*Mey v. Patriot Payment Group, LLC, et al.*
*Case No. 5:15-cv-00027-JPB*
*Responses to 1st Set of Requests for Admission to NAB*

**Request No. 3:**

Admit that prior to the filing of the Complaint in this action you received complaints arising from telephone activities.

**Response to Request No. 3:**

NAB admits prior to the filing of the instant action it was served with a legal complaint in a matter styled *Diana Mey v. North American Bancard, LLC*; Case No. 14-cv-11331 in the United States District Court for the Eastern District of Michigan, but, subject to the following objections, denies the remainder of this Request.

The objections that apply to this Request continue as follows:

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks an admission related to purported "complaints arising from telephone activities" of any entity or individual without regard to the nature, substance, or subject matter of the vague and ambiguous "complaints," or the means employed to place such "telephone activities," or the identities of the recipients of such "telephone activities."

NAB further objects to the term "telephone activities" as vague and ambiguous.

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

3

*Mey v. Patriot Payment Group, LLC, et al.*
*Case No. 5:15-cv-00027-JPB*
*Responses to 1st Set of Requests for Admission to NAB*

NAB further objects to this Request to the extent it calls for a legal conclusion.

**Request No. 4:**

Admit that your company was aware that Patriot Payment Group engaged in telemarketing.

**Response to Request No. 4:**

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks an admission related to Patriot's "telemarketing" without regard to the means employed to "telemarket[]" or the identities of the recipients of such "telemarketing."

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 5:**

Admit that Patriot Payment Group makes telemarketing calls on behalf of your company.

**Response to Request No. 5:**

Subject to the following objections, deny. Patriot is neither authorized nor, to the best of NAB's knowledge, makes telemarketing calls on behalf of NAB.

The objections that apply to this Request continue as follows:

*Mey v. Patriot Payment Group, LLC, et al.*
Case No. 5:15-cv-00027-JPB
Responses to 1st Set of Requests for Admission to NAB

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks an admission related to Patriot's "telemarketing" without regard to the means employed to "telemarket[]" or the identities of the recipients of such "telemarketing."

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

**Request No. 6:**

Admit that you have no written consent from the Plaintiff to place telemarketing calls to her.

**Response to Request No. 6:**

Subject to the objections that follow, NAB can neither admit nor deny this Request because NAB, as alleged in Plaintiff's FAC, did not place any telemarketing calls to Plaintiff. Further, NAB continues to make a reasonable inquiry into the allegations contained in Plaintiff's FAC and the information it has reviewed thus far indicates NAB did not place any telemarketing calls to Plaintiff.

The objections that apply to this Request continue as follows:

NAB objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiff's FAC seeks to

5

*Mey v. Patriot Payment Group, LLC, et al.*
Case No. 5:15-cv-00027-JPB
Responses to 1st Set of Requests for Admission to NAB

allege violations of the TCPA. Thus, this Request should be limited to the allegations contained in the FAC and the affirmative defenses in response thereto, if any. However, the Request does not seek to limit its scope to the allegations contained in the FAC; particularly the FAC's allegations that the alleged telephone calls at issue in the FAC were telemarketing calls placed by Patriot on behalf of NAB through the use of an automatic dialing system. Rather, the Request seeks an admission related to purported "telemarketing" without regard to the means employed to "place telemarketing calls."

NAB further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.

NAB further objects to this Request to the extent it calls for a legal conclusion.

Dated: February 29, 2016       Respectfully submitted,

**SPILMAN THOMAS & BATTLE PLLC**
BY: */s/ Christina S. Terek*
Christina S. Terek (WV Bar No. 9724)
1233 Main Street
P.O. Box 831
Wheeling, WV 26003
cterek@spilmanlaw.com
Tel: (304) 230-6950
Fax: (304) 230-6951

Beth-Ann E. Krimsky (Admitted *Pro Hac Vice*)
Lawren A. Zann (Admitted *Pro Hac Vice*)
**GREENSPOON MARDER P.A.**
200 E. Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 527-2427
Fax: (954) 333-4027

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY, individually and on behalf of
a class of all persons and entities similarly
situated,

        Plaintiff,

v.                                            Case No. 5:15-CV-00027-JPB

PATRIOT PAYMENT GROUP, LLC, and
NORTH AMERICAN BANCARD, LLC,

        Defendants.

## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on February 29, 2016, I served the foregoing Defendant North American Bancard, LLC's Responses to Plaintiff's First Set of Requests for Admissions on all parties of record identified on the Service List below via electronic mail.

John W. Barrett, Esq.
Jonathan R. Marshall, Esq.
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
jbarrett@bailerglasser.com
jmarshall@bailerglasser.com

Matthew P. McCue, Esq.
Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
mmcue@massattorneys.net

Edward A. Broderick, Esq.
Anthony Paronich, Esq.
Broderick Law, P.C.
125 Summer Street, Suite 1030
Boston, MA 02110
ted@broderick-law.com
anthony@broderick-law.com

                                                              */s/ Christina S. Terek*
                                                              Christina S. Terek (WV Bar No. 9724)